## CHARLES JOHNSON *vs.* THE PEOPLE.

An indictment, in addition to the charge of grand larceny for which the prisoner was tried, contained an averment that the prisoner had been tried and convicted, previously, of grand larceny, and sentenced to the State's prison, from which he had been duly discharged and remitted of such judgment. It was objected that there was no *proof* that the prisoner was duly discharged. and remitted of such sentence. The record showed a conviction on the 6th of February, 1871, and a sentence to imprisonment for one year. The present indictment was found in June, 1872. *Held* that the fact that the term for which the prisoner was convicted had expired was sufficient evidence, to go to the jury, as to his being discharged of that conviction.

It was also objected that, admitting the record in evidence, before the prisoner was convicted of the second offence, was proving his bad character, before he had put his character in issue. *Held,* that this, undoubtedly, would be the rule, if the object was merely to prove bad character; but that the record was not offered for that purpose, but to prove a fact which the legislature had made proper to be proven, viz., a previous conviction.

That there is nothing in the statute, which requires the prior conviction to be averred in the indictment. But if the matter is properly inserted therein, it may with propriety be proved, on the trial, and the verdict of the jury taken thereon.

That the inquiry is sanctioned by law, and so far it must be considered as altering the rule as to character, which would otherwise exclude such evidence.

WRIT of error to review a conviction for grand larceny.

*By the Court,* INGRAHAM, P. J.   The indictment in this case, in addition to the charge of grand larceny for which the prisoner was tried, contained an averment that the prisoner had been tried and convicted, previously, of grand larceny, and sentenced to the State's prison, from which he had been duly discharged, and remitted of such judgment.

One objection, in this case, is, that there was no proof that the prisoner was duly discharged and remitted of such sentence.

The record shows a conviction on the 6th of February, 1871, and sentence to imprisonment for one year. The present indictment was found in June, 1872.   In *Bar-*

Johnson v. The People.

*clay* v. *The People*, decided this term, it was suggested that the fact of the term for which the prisoner was sentenced had expired was sufficient evidence, to go to the jury, as to his being discharged of that conviction.

The other objection is, that, admitting the record in evidence, before he was convicted of the second offence, was proving his bad character, before he had put his character in issue. This undoubtedly would be the rule, if the object was merely to prove bad character. · It was not offered for that purpose, but to prove a fact which the legislature had made proper to be proven, viz., a previous conviction.

There is nothing in the statute which requires the previous conviction to be averred, in the indictment. It seems to have been inserted since the passage of the law, in this State, in conformity with the practice in England ; and that course was approved of in *Stevens* v. *The People*, (1 *Hill*, 261 ;) but the proceedings there have been regulated by law, which not only requires the averments in the indictment, but also by another statute, which postpones the trial of the question of a previous conviction, until the prisoner has been convicted of a second offence. The passage of such a law would be desirable, in this State. As it is not the law, there is no reason why we should follow the English statute.

If the matter is properly inserted in the indictment, it may with propriety be proved, on the trial, and the verdict of the jury taken thereon. The inquiry is sanctioned by law, and so far it must be considered as altering the rule as to character, which would otherwise exclude such evidence.

Judgment affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, May 5, 1873. *Ingraham, Brady* and *Learned*, Justices.]